UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHN E. KISSANIS, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § |
| | § CIVIL ACTION NO. H-03-3658 |
| FAM MARINE SERVICES, INC. | § |
| and | § |
| INTEROCEAN UGLAND | § |
| MANAGEMENT CORPORATION, | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant FAM Marine Services, Inc.'s ("FAM") motion for summary judgment. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 60, should be and hereby is **DENIED**.

**I.   BACKGROUND**

On April 9, 2001, Plaintiff was injured by a flash fire that occurred aboard the M/V MOUNT WASHINGTON. Plaintiff was in the process of lighting the starboard boiler when a fire flashed from the boiler, burning Plaintiff's face and chest. Plaintiff subsequently filed the instant suit against, *inter alia*, FAM, which had previously repaired the force draft fan attached to the boiler. FAM now moves for summary judgment.

**II.   ANALYSIS**

    **A.   Summary Judgment Standard**

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a

1

matter of law based on the evidence thus far presented.  *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Id.*

### B. FAM's Motion

FAM argues that Plaintiff can provide no evidence to establish that FAM's actions in repairing the fan eleven months earlier resulted in the flash fire that occurred inside of the boiler.  FAM points out that numerous repairs were made to the boiler itself, by six different companies, after FAM repaired the fan and that the vessel underwent several dock trials and voyages without incident after the fan repair.  In response, Plaintiff offers deposition testimony indicating that the signal gauge, which measures pounds of air pressure, gave a false reading of zero at the time of the accident, indicating that no air was entering the air actuator.  (*See* Pl.'s Resp. to Def.'s Mot. for Summ. J., Ex. A, at 65-76.)  Plaintiff's evidence tends to show that, notwithstanding the zero reading, the fan vanes were partially open, thus allowing air into the air actuator, which could have contributed to the fire.  Plaintiff further points to evidence, contrary to that offered

by FAM, that the boiler was never lit between the time when FAM repaired the fan and the date of Plaintiff's injury.  (*See id.*, Ex. A, at 41-42.)

Plaintiff's summary judgment evidence is sufficient to demonstrate a genuine issue of material fact precluding summary judgment.  Whether the fire was caused by the allegedly defective fan or by unspecified defects in the boiler is a question to be decided by the trier of fact, as is the question whether or not the boiler was lit between the date of the repair and the date of the fire.  Accordingly, FAM's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 13th day of March, 2006.

_____

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**